# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.Y. and M.Y.**

**No. 18-0252** (Kanawha County 17-JA-306 and 17-JA-307)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.Y., by counsel Kenneth Starcher, appeals the Circuit Court of Kanawha County's February 14, 2018, order terminating her custodial rights to J.Y. and M.Y.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher C. McClung, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the father, alleging that they manufactured methamphetamine in the basement of petitioner's father's home, where they were living. The referral indicated that marijuana plants were also growing in the home and that drug paraphernalia, including needles, was scattered throughout the area. The DHHR alleged that petitioner's father kicked the children's father out of the home. Although petitioner and the children were permitted to stay, she chose to leave with the father. Shortly thereafter, petitioner's sister contacted Child Protective Services ("CPS") and stated that petitioner left the children in her care and had not returned for them. A CPS worker spoke with the children, and then eight-year-old J.Y. reported that they did not have a home. The child revealed that her parents abused drugs through the use of a bong, light bulbs, and needles. Petitioner denied that the children had ever been present around drug use. However, she admitted

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner does not raise a specific assignment of error with regard to termination of her custodial rights.

1

that she smoked marijuana and that she "tried meth one time." In sum, the DHHR alleged that petitioner could not provide a safe and stable home for the children; had a substance abuse problem; and failed to provide the children with the necessary food, clothing, supervision, housing, and financial support.

The circuit court held an adjudicatory hearing in October of 2017, wherein petitioner stipulated that she had a substance abuse problem which impacted her ability to properly parent the children. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. While petitioner was not granted a formal improvement period, services were provided.

The circuit court held an initial dispositional hearing in November of 2017, which was continued due to petitioner's nonappearance. In December of 2017, a multidisciplinary team ("MDT") meeting was held. Petitioner failed to attend and the parties recommended that her parental rights be terminated due to her failure to comply with services. The circuit court held a final dispositional hearing in January of 2018. Petitioner did not appear in person, but the circuit court granted petitioner's counsel's request to allow petitioner to monitor the hearing via telephone. A CPS worker testified that petitioner was granted services but failed to fully comply throughout the proceedings. Petitioner was ordered to provide drug screens but failed to participate, only providing screens after hearings that she attended. On at least two occasions when she did provide a drug screen, she tested positive for methamphetamine. The service provider testified that petitioner failed to acknowledge that she had a substance abuse problem. Further, petitioner did not have stable housing or employment. After hearing evidence, the circuit court found that petitioner failed to acknowledge her substantial substance abuse problem, failed to participate in services, lacked suitable housing, and was unemployed. As such, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination of her custodial rights to the children was in their best interests. It is from the February 14, 2018, order terminating her custodial rights that petitioner appeals.[3]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[3]The parents' custodial rights were terminated below. The children were placed in a foster home with a permanency plan of guardianship therein.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her an improvement period. Specifically, petitioner argues that she demonstrated she would be likely to participate in an improvement period because she took steps to establish an independent home, acknowledged her substance abuse problem, provided some negative drug screens, and had a bond with her children. We disagree. We have held that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have further held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period. . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Petitioner failed to demonstrate that she was likely to participate in an improvement period. The record indicates that, although petitioner was not granted a formal improvement period, she received services such as drug screens, assistance with transportation, a psychological evaluation, and supervised visitation. Petitioner failed to satisfactorily comply with the services and failed to appear for both of the dispositional hearings and the MDT meeting, despite having notice of the same and having been provided a bus pass. Testimony at the dispositional hearing established that petitioner failed to call in to receive information on her random drug screens and only provided drug screens when she appeared at the courthouse for hearings. At least two of the screens provided were positive for methamphetamine. The CPS worker testified that petitioner failed to acknowledge the extent of her substance abuse problem and did not have housing or employment. Further, petitioner also failed to adequately participate in supervised visitation with the children and was observed to be on her cellphone frequently or in the bathroom for long periods of time. While the circuit court granted petitioner the opportunity to rectify the conditions of abuse and neglect through her participation in services, she failed to participate in these services and, thus, failed to demonstrate that she would fully comply with an improvement period. Accordingly, we find that the circuit court did not err in denying her request for the same.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 14, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating